POCAHONTAS FUEL COMPANY,
Division of Consolidation Coal
Company, Petitioner,

v.

Cecil D. ANDRUS, Secretary of The
Interior, Respondent.

No. 77–2239.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 1978.

Decided Jan. 8, 1979.

Timothy M. Biddle, Washington, D. C. (David R. Case, Jones, Day, Reavis & Pogue, Washington, D. C., on brief), for petitioner.

Allan Gerson, Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Ronald R. Glancz and Allen H. Sachsel, Civil Division, Dept. of Justice, Washington, D. C., on brief), for respondent.

Before BRYAN, Senior Circuit Judge, and BUTZNER and FIELD, Circuit Judges.

PER CURIAM:

On October 8, 1974, Inspector Donald C. Phillips entered the Maitland Mine operated by the appellant, Pocahontas Fuel Company, at Superior, West Virginia to conduct an official inspection. Discovering a trailing cable to a shuttle car damaged in four places to the extent that power conductors were exposed, Phillips issued a withdrawal order under the Federal Coal Mine Health and Safety Act. 30 U.S.C. § 801 *et seq.* (1970). A second such order was issued by him after coming upon another shuttle car not provided with frame ground protection. He terminated both orders after the violative conditions were abated.

Appellant sought review by the Office of Hearings and Appeals, United States Department of the Interior. In a decision rendered on July 16, 1975, the Administrative Law Judge affirmed the two orders. He reported that appellant had permitted a condition to exist which could "constitute a significant and substantial contribution to the cause and effect of a mine safety or health hazard, and which was caused by the unwarrantable failure of the operator to comply with said mandatory standards." 30 U.S.C. § 814(d)(1) (1970). On September 28, 1977, the Board of Mine Operations Appeals affirmed, concluding that the knowledge of a preshift examiner of these conditions was imputable to the operator.

Pocahontas then took this appeal, arguing that it was error for the Board to rely on common-law principles of respondeat superior in charging the operator with the preshift examiner's knowledge and thereon in holding that the operator had "unwarrantably failed" to comply with the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 814(d)(1) (1970).

We reject appellant's contention and affirm on the basis of the Administrative Law Judge's decision, as approved by the Board of Mine Operations Appeals, 8 I.B.M.A. 136 (1977).

Affirmed.